

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by C-625

January 29, 1952

Hon. O. B. Ellis
General Manager
Texas Prison System
Huntsville, Texas

Opinion No. V-1397

Re: Legality of paying for
the services of an erec-
tion supervisor from
funds appropriated for a
prior fiscal year under
the submitted facts.

Dear Sir:

Your request for an opinion reads, in part, as follows:

"The Texas Prison System has presented to the Comptroller of Public Accounts for approval two vouchers totaling $800.00 in payment of services of an erection supervisor who was in charge of instal- lation of steel doors and other steel equipment in the Ramsey State Prison Building. Approval of these two vouchers was refused by the Comptroller of Public Accounts on the grounds that a contract for personal service cannot extend beyond the life of an appropri- ation."

You then ask if the Comptroller of Public Accounts has authority to issue warrants to cover the services of the erection supervisor. The parts of the contract entered into for the Prison System by the Board of Control for the erection of cell fronts and doors in a new building at Ramsey State Farm, pertinent to this inquiry are:

"(d) Erection Supervisor to be furnished by Prison Equipment Contractor.

"The Prison Equipment Contractor shall furnish the services of one (1) Erection Supervisor, skilled in the erection and thoroughly informed on all details concern- ing the installation of Prison Equipment. The services to be rendered shall be exclusive and uninterrupted for two separate periods of time, the total of which shall not exceed twenty weeks when the Prison Equipment in- cluded in this contract is being installed in the buildings.

The Erection Supervisor shall direct and supervise the installation work. The Owner shall install the Prison Equipment with inmate labor, without cost to this Contractor, in accordance with the directions furnished by the Prison Equipment Contractor. The Erection Supervisor's time shall not start until Prison Equipment Contractor has all necessary tools and equipment for the installation of the equipment at the job site.

"If Owner desires the services of the Erection Supervisor for more than two periods totaling twenty weeks, the Prison Equipment Contractor shall be paid $100.00 per week to cover these services, insurance, and wear and tear and use of tools for such additional time as the Owner shall require.

"The Erection Supervisor shall check all doors, door frames and construction work affecting the proper installation and/or operation of the Prison Equipment and shall further see that the operating mechanism is properly installed, is in accurate alignment, rigidly secured and that it functions in a satisfactory manner."

The appropriation from which you wish to make the payment in question is Item 84 of the appropriation made to The Texas Prison System by Senate Bill No. 391, Acts 50th Leg., 1947, ch. 400, p. 899. The item reads as follows:

"84. Construction during biennium of cell blocks, buildings, improvements, and engineering and architectural fees, such fees not to exceed 5% of net cost of project . . . $600,000.00."

No appropriation of State funds may be made for a term of more than two years. Tex. Const. Art. VIII, Sec. 6. Moreover, the biennial appropriations are actually two separate annual appropriations. It is well settled that money appropriated to a State department or institution for supplies must be used during the fiscal year for which it was appropriated. Att'y Gen. Ops. 0-2380 (1940); 0-6011 (1944); 0-6883 (1945). Likewise, personal services must be purchased with current appropriations. Att'y Gen. Op. 0-2815 (1940).

However, it is equally well settled that an exception to this rule is made in the case of capital expenditures. Att'y Gen. Ops. 0-2631 (1940); V-1039 (1950). Regarding this exception, it was said in Opinion 0-2631:

"With respect to those supplies, or things which, as you state, might be termed 'a capital asset of the State,' the rule is that such supply or fixture may be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation has been made. Fixtures, equipment and supplies whatsoever that do not perish with their use, but which may be continuously used after the year in which they are purchased, are not governed by identical principles applicable to those supplies which are consumed with their use. Thus, machines, fixtures, books, and the like, are not consumed during the year they are purchased, but they last for many years. Such 'capital assets' of the State may therefore be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation for such article has been made. This is true regardless of the year in which the delivery is made, since the purchase during the proper year amounts to an expenditure or commitment of the appropriation for that year."

Clearly, the steel prison equipment which was purchased under the contract in question is a "capital asset of the State." Therefore, if that portion of the contract calling for the services of an erection supervisor is ancillary to the main purpose of the contract for the purchase of a capital asset and not a separate contract for personal services, this expenditure unquestionably may be made.

A written contract should not be considered piecemeal; rather it must be construed as a whole. No single phrase, section, or clause should be isolated from its setting and considered apart from the other provisions of the contract. Guardian Trust Co. v. Bauereisen, 132 Tex. 396, 121 S.W.2d 579 (1938). Whether a contract is divisible or entire depends primarily upon the intention of the parties. Frankfurt Finance Co. v. Treadway, 159 S.W.2d 514 (Tex.Civ.App. 1942, error ref. w.o.m.).

The intention of the parties to this particular contract is to be found in the clear and explicit language of the instrument. The erection supervisor is to be furnished by the equipment contractor, not employed separately by the Texas Prison System. He is not to be the direct recipient of State funds. On the contrary, the contract provides that the payments in question are to be made to the contractor. Furthermore, it is expressly stated that these payments are to be used to defray other costs such as insurance and the depreciation of equipment, in addition to compensating the erection supervisor. His services are indispensable to the completion of the project, and, as the final inspector of the installation

work, they cannot be rendered until the installation is complete. We are of the opinion, therefore, that the provision regarding the services of the erection supervisor is not a separate contract, but merely a part of the entire contract for the purchase and installation of steel prison equipment.

We do not feel that Att'y Gen. Op. 0-2815 (1940) controls the instant situation. There the question was simply one of the legality of a State agency paying, during one fiscal year, the salary of an employee out of an appropriation for a former fiscal year. In the words of the author of that opinion, "there has been no contract whatsoever binding, or attempting to bind, such preceding year's appropriation." In the present case, the Texas Prison System is not paying the supervisor's salary; it is paying the contractor for his services. The questioned provision is an integral part of a contract for the purchase and installation of steel prison equipment, and the facts that confront us are not at all analogous to the circumstances which gave rise to this opinion in 1940.

The services of the erection supervisor being an essential portion of a contract for the installation of a "capital asset of the State," we are of the opinion that the Comptroller of Public Accounts is authorized to issue warrants to the prison equipment contractor for his services.

## SUMMARY

The Texas Prison System may, from an appropriation covering the cost of installing steel prison equipment, pay for the services of an erection supervisor furnished by the contractor under the provisions of a contract for the installation of the equipment entered into prior to the close of the period for which the appropriation was made.

APPROVED:

David B. Irons
Administrative Assistant

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

CBG:et

Yours very truly,

PRICE DANIEL
Attorney General

By *Calvin B. Garwood, Jr.*
Calvin B. Garwood, Jr.
Assistant